UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-cr-00090-JAM-BAM |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO SUPPRESS** |
| TIMOTHY PANUCO, | |
| Defendant. | |

Defendant Timothy Panuco has moved to suppress all evidence obtained as a result of an allegedly unlawful search conducted by Fresno County Sheriff's Office ("FCSO") Deputy Jovan Tamayo on or about March 4, 2024.  In particular, Defendant argues Deputy Tamayo viewed a .gif file depicting suspected child sexual abuse material ("CSAM") allegedly uploaded by Defendant on Discord, an instant messaging and social media platform, without a warrant. Defendant contends suppression of this evidence is proper as Deputy Tamayo's warrantless search of the .gif file violated his Fourth Amendment right to be free from unreasonable searches and seizures.  The Court disagrees and finds that Deputy Tamayo's warrantless search was valid under the private search exception to the warrant requirement because a Discord employee viewed the .gif file before it was sent to law enforcement.  Accordingly, Defendant's Motion to Suppress is denied.

1

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

On February 22, 2024, Discord, an instant messaging and social media platform that allows communication through voice calls, video calls, and text messaging, generated and sent an electronic CyberTipline Report ("CyberTip") to the National Center for Missing & Exploited Children ("NCMEC") indicating that a ".gif" file suspected of depicting CSAM had been uploaded by a Discord user on their platform.  Mot. at 3, ECF No. 43.  GIFs are typically animated files resembling short, repeating video clips without sound.  Id. at 3 n.2.  Ten minutes after the file was uploaded, Discord provided the file to NCMEC and included the user account's phone number, username, user ID, and Internet Protocol ("IP") address.  Id. at 3.  In the CyberTip, Discord indicated that it had viewed the file and that the contents of the file were publicly available.  Opp'n at 2, ECF No. 46.

After receiving the CyberTip, NCMEC staff conducted an IP address and phone number look-up using publicly available information and came to believe that the IP address and phone number associated with the Discord user account that had uploaded the .gif file originated in Fresno, California.  Mot. at 3.  On February 29, 2024, NCMEC staff supplemented the CyberTip and made it and the .gif file available to the FCSO.  Id.  NCMEC staff did not view the .gif file.  Id. at 7.

On March 4, 2024, FCSO Deputy Tamayo was assigned to investigate the CyberTip sent by NCMEC.  Id. at 3.  That same day, Deputy Tamayo reviewed the .gif file that had been provided by NCMEC and prepared a written description of the file.  Id. Based on his review of the file, which Deputy Tamayo determined

depicted a minor engaged in sexually explicit conduct, Deputy
Tamayo sought and obtained a search warrant for records from
Discord for the user account that uploaded the .gif file and from
AT&T relating to the phone number associated with the Discord
user account.  Id. at 3-4; see also Search Warrant at 3-4, 10,
ECF No. 43-1.  The search warrant was signed and issued by the
Fresno County Superior Court on March 5, 2024.  Mot. at 4.

Thereafter, as a result of information obtained through
execution of the March 5, 2024, warrant, Homeland Security
Investigations Special Agent Jackie Lovato sought and obtained a
federal warrant to search Defendant's residence, his person, and
his vehicle.  Id.  That search warrant was issued on April 2,
2024, and executed on April 4, 2024.  Id.  Based on evidence
recovered from those searches, Defendant was indicted on May 2,
2024, on one count of receipt of material involving the sexual
exploitation of minors in violation of 18 U.S.C. § 2252(a)(2).
Id.; see also Indictment, ECF. No. 1.

Defendant filed the pending Motion to Suppress (ECF No. 43)
on June 6, 2025.  The Government filed an Opposition (ECF No.
46), and Defendant filed a timely Reply (ECF No. 47).  The Court
held a hearing on September 23, 2025 and took the motion under
submission.

## II.  LEGAL STANDARD

The Fourth Amendment guarantees "[t]he right of the people
to be secure in their persons, houses, papers, and effects,
against unreasonable searches and seizures . . . ."  U.S. Const.
amend. IV.  Warrantless searches and seizures violate the Fourth
Amendment unless they fall within one of a "few specifically

3

1    established and well delineated exceptions." <u>Minnesota v.</u>

2    <u>Dickerson</u>, 508 U.S. 366, 372 (1993) (quoting <u>Katz v. United</u>

3    <u>States</u>, 389 U.S. 347, 357 (1967)). "[T]he government bears the

4    burden of showing that a warrantless search or seizure falls

5    within an exception to the Fourth Amendment's warrant

6    requirement." <u>United States v. Cervantes</u>, 703 F.3d 1135, 1141

7    (9th Cir. 2012).

8        Under the exclusionary rule, a criminal defendant may move

9    to suppress evidence obtained in violation of the Fourth

10   Amendment. <u>See</u>, <u>e.g.</u>, <u>United States v. Calandra</u>, 414 U.S. 338,

11   341 (1974); Fed. R. Crim. P. 41(h). The exclusionary rule covers

12   not only evidence obtained as a direct result of the illegal

13   search or seizure, but also evidence derived from that

14   illegality, which is considered fruit of the poisonous tree.

15   <u>United States v. Ngumezi</u>, 980 F.3d 1285, 1290 (9th Cir. 2020).

16   When deciding a motion to suppress, courts first determine

17   whether a Fourth Amendment violation occurred, and then whether

18   suppression is appropriate. <u>See</u> <u>Davis v. United States</u>, 564 U.S.

19   229, 236-39 (2011).

20                        **III. OPINION**

21       A.   <u>Defendant Had a Reasonable Expectation of Privacy in</u>

22            <u>His One-on-One Communications on Discord</u>

23       As a threshold issue, the Government argues that Defendant

24   had no reasonable expectation of privacy in the .gif file at

25   issue here because "[i]n the CyberTip for this case, Discord

26   stated that the entire contents of the file containing the [CSAM]

27   was 'publicly available,'" indicating the file was accessible to

28   third parties and therefore not private. Opp'n at 6. The

                                4

1  Government further argues that Defendant could not have had a

2  subjective expectation of privacy in the .gif file as Discord's

3  Terms of Service advised users that communications on Discord

4  would be monitored for unlawful content.  Id. at 7-8.

5      The Court disagrees on both counts.  As the Supreme Court

6  has recognized, "warrantless searches" of a person's papers or

7  effects are "presumptively unreasonable" and, thus, violative of

8  the Fourth Amendment, United States v. Jacobsen, 466 U.S. 109,

9  114 (1984), at least insofar as the person has a "reasonable

10 expectation of privacy" in the property.  United States v. Jones,

11 565 U.S. 400, 406 (2012).  An individual has a reasonable

12 expectation of privacy if he can "demonstrate a subjective

13 expectation that his activities would be private, and he [can]

14 show that his expectation was 'one that society is prepared to

15 recognize as reasonable.'"  United States v. Nerber, 222 F.3d

16 597, 599 (9th Cir. 2000) (quoting Smith v. Maryland, 442 U.S.

17 735, 740 (1979)).  Notably here, the Ninth Circuit has recognized

18 that an individual has a reasonable expectation of privacy in his

19 personal emails, email attachments, and electronic files sent

20 through third-party platforms.  See United States v. Wilson, 13

21 F.4th 961, 967 (9th Cir. 2021) ("[W]e assume that Wilson had a

22 subjective expectation of privacy in his email attachments that

23 society is prepared to recognize as reasonable.").  However, it

24 is also well established that "a person has no legitimate

25 expectation of privacy in information he voluntarily turns over

26 to third parties."  Smith, 442 U.S. at 743-44; Katz, 389 U.S. at

27 351 ("What a person knowingly exposes to the public, even in his

28

own home or office, is not a subject of Fourth Amendment protection.").

Here, the evidence before the Court shows that Defendant uploaded the .gif file in the context of a one-on-one communication with another user on Discord.  Reply at 4, ECF No. 47.  The Government has not pointed to any evidence that Defendant intended the file to be made publicly available on Discord or understood that, by sending the file directly to another user, it would be made publicly available.  Rather, it appears the file was sent in a direct, private message such that Defendant reasonably enjoyed an expectation of privacy in that file.  This case is therefore distinguishable from the authorities cited by the Government, United States v. Borowy, 595 F.3d 1045 (9th Cir. 2010) and United States v. Morel, 922 F.3d 1 (1st Cir. 2019), in that the .gif file was not shared via a public peer-to-peer file sharing program as in Borowy or via a public image sharing website as in Morel where the defendants had subjective knowledge that their files would be public.  See Borowy, 595 F.3d at 1048 ("Borowy, like Ganoe, was clearly aware that LimeWire was a file-sharing program that would allow the public at large to access files in his shared folder unless he took steps to avoid it."); Morel, 922 F.3d at 10 ("Morel chose to upload the images to a website that makes it 'impossible' to prevent third parties from accessing the images, whether the images are uploaded to 'public' or 'private' albums.").  As there is no clear indication that Defendant reasonably understood the .gif file would be made public when he uploaded it to a one-on-

6

1  one private chat in Discord, the Court finds that Defendant had a
2  reasonable expectation of privacy in the file here.

3      The Court further finds that Discord's Terms of Service did
4  not waive or diminish Defendant's reasonable expectation of
5  privacy in that file.  While "privacy expectations may be reduced
6  if [a] user is advised that information transmitted through the
7  network is not confidential and that the systems administrators
8  may monitor communications transmitted by the user," United
9  States v. Heckenkamp, 482 F.3d 1142, 1147 (9th Cir. 2007), the
10  Government fails to show Defendant clearly received such
11  advisements as the Government neither addresses how users are
12  provided with Discord's Terms of Service, nor how often they are
13  reminded or advised their content is being monitored.  Cf., e.g.,
14  United States v. Greiner, 235 F. App'x 541, 542 (9th Cir. 2007)
15  (holding that no reasonable expectation of privacy existed for a
16  defendant who confronted banner notices of monitoring and
17  disclosure to law enforcement each time he logged on to his work
18  computer).  Without such evidence, the Court cannot conclude that
19  Defendant was reasonably on notice his direct communications with
20  another Discord user were not private merely because they were
21  sent on Discord.

22      Accordingly, the Court finds that Defendant had a reasonable
23  expectation of privacy in the .gif file he uploaded to Discord on
24  February 22, 2024.

25      B.    The Private Search Exception Applies to the Warrantless
26            Search Conducted by Deputy Tamayo on March 4, 2024

27      Having established a reasonable expectation of privacy in
28  the .gif file, Defendant proceeds to argue that his Fourth

7

1    Amendment rights were violated when Deputy Tamayo conducted a
2    warrantless search of the .gif file on March 4, 2024.  In
3    particular, Defendant argues that the private search exception to
4    the warrant requirement is inapplicable here because the
5    Government has been unable to identify which Discord employee, if
6    any, viewed the .gif file before it was sent to law enforcement.
7    Mot. at 4–10; Reply at 9–10.  Defendant further argues that, even
8    if the file was reviewed by a Discord employee, the Government
9    has failed to provide sufficient information to confirm that the
10   Discord employee viewed the entire .gif file (which is comprised
11   of 90 photos on a loop) to ensure Deputy Tamayo did not exceed
12   the scope of what Discord reviewed.  Reply at 10-13.

13        The Court holds that the Government has met its burden to
14   show the private search exception applies here.  As the Ninth
15   Circuit has explained, "the Fourth Amendment protects individuals
16   from government actors, not private ones, [and so] a private
17   party may conduct a search that would be unconstitutional if
18   conducted by the government."  Wilson, 13 F.4th at 967 (internal
19   citation omitted).  Under this exception, governmental searches
20   that are coextensive to antecedent private searches are
21   constitutional, while governmental searches that exceed
22   antecedent private searches are unconstitutional.  See id. at
23   967-71 (discussing the private search exception).

24        In Wilson, for example, Google had alerted law enforcement
25   that its automated assessment detected the possible presence of
26   child pornography sent via e-mail as attachments.  Id. at 964.
27   No one at the company reviewed the attachments; rather, Google
28   simply forwarded the unopened e-mails to law enforcement in the

1    form of a Cybertip.  Id.  The Ninth Circuit considered whether

2    "the private search exception" permitted law enforcement to view

3    the images contained in the Cybertip without a warrant, holding

4    it did not because "the government's actions," in having an

5    investigator personally view the images provided by Google,

6    "exceed[ed] the limits of the private search exception."  Id. at

7    971.  This conclusion was two-fold, resting on the court's

8    observations that (1) law enforcement's viewing of the images

9    "allowed the government to learn new, critical information that

10   it used first to obtain a warrant and then to prosecute Wilson;"

11   and that (2) "the government search . . . expanded the scope of"

12   Google's search because "no Google employee—or other person—had"

13   actually viewed the images.  Id. at 972.  Based on these

14   findings, the Ninth Circuit held that the investigator "violated

15   Wilson's Fourth Amendment right to be free from unreasonable

16   searches when he examined Wilson's email attachments without a

17   warrant."  Id. at 980.

18        Under Wilson, Defendant argues that the private search

19   exception does not apply here because the Government has failed

20   to satisfactorily prove an "actual person at Discord" reviewed

21   the .gif file.  Reply at 9–10.  The Court disagrees.  First, the

22   CyberTip states that a Discord employee reviewed the entire file

23   before it was forwarded to NCMEC and Deputy Tamayo.  See CyberTip

24   at 2, ECF No. 43-1 ("Did Reporting [Electronic Service Provider

25   ("ESP")] view entire contents of uploaded file?  Yes.").  Second,

26   the Government has submitted a declaration from a manager for

27   Discord's Trust & Safety team explaining that a Discord content

28   moderator would have had to review the .gif file in order to

1   generate the CyberTip.  See Discord Decl. ¶¶ 5–8, ECF No. 46-1.

2   The Ninth Circuit has previously found such information

3   sufficient to uphold denial of a suppression motion.  See, e.g.,

4   United States v. Bohannon, No. 21-10270, 2023 WL 5607541, at *1

5   (9th Cir. Aug. 30, 2023) (holding that the district court's

6   finding that a Microsoft employee viewed the file before it was

7   sent to NCMEC was not clearly erroneous where Microsoft responded

8   "Yes" to the question "Did Reporting ESP view entire contents of

9   uploaded file" and declarations of Microsoft employees indicated

10  "someone at Microsoft reviewed the image at issue before it was

11  transmitted to NCMEC").  Thus, the Government has sufficiently

12  shown a Discord employee reviewed the .gif file before it was

13  sent to Detective Tamayo.

14      Defendant also argues there is insufficient evidence a

15  Discord employee reviewed all 90 photos embedded within the .gif

16  file before it was sent to law enforcement.  Reply at 10–12.

17  Defendant argues Detective Tamayo's review of the .gif file may

18  have therefore exceeded the scope of the investigation conducted

19  by Discord if the Discord employee did not see the entirety of

20  the .gif file.  Id.  Again, the Court disagrees.  First, as noted

21  above, the CyberTip states that a Discord employee reviewed the

22  entire .gif file.  See CyberTip at 2.  The law is clear that

23  Defendant's reasonable expectation of privacy in that file was

24  extinguished once a Discord employee viewed the file.  See United

25  States v. Tosti, 733 F.3d 816, 822 (9th Cir. 2013) (holding that

26  "scrolling through the images [the private party] had already

27  viewed was not a search because any private interest in those

28  images had been extinguished").  Second, even if the Discord

10

1   employee did not review the entire .gif file, the file consists

2   of 90 images on loop each depicting the same female minor

3   committing sexually explicit acts.  Search Warrant at 10.  While

4   Deputy Tamayo may have been able to see more detail concerning

5   the sexually explicit acts by viewing the full .gif file as

6   opposed to just one or several images in the file, there is no

7   indication in the record that viewing the entire file revealed

8   any new or different information critical to the Government's

9   prosecution efforts that the Discord employee could not have

10  gleaned from viewing just one image.  See, e.g., Jacobsen, 466

11  U.S. at 111, 120 (finding that the government's removal of

12  plastic bags from a tube in a FedEx package and visual inspection

13  of their contents did not exceed the scope of FedEx's prior

14  private search when FedEx "opened the package," "cut open the

15  tube" within the package, and "found a series of four zip-lock

16  plastic bags, the outermost enclosing the other three and the

17  innermost containing about six and a half ounces of white powder"

18  because the government learned nothing from those actions that

19  FedEx had not previously learned during the private search).

20  Finally, Defendant does not contend that Deputy Tamayo viewed any

21  files in addition to the .gif file that a Discord employee had

22  not yet reviewed.  Cf., e.g., United States v. Ackerman, 831 F.3d

23  1292, 1306 (10th Cir. 2016) (finding that law enforcement's

24  search of the defendant's email and images exceeded the scope of

25  AOL's antecedent search because law enforcement's search viewed

26  three more attachments to defendant's email than AOL did).

27      For these reasons, the Court finds that the private search

28  exception to the warrant requirement applies such that Deputy

1    Tamayo's review of the .gif file did not violate Defendant's

2    Fourth Amendment rights.

3       C.    <u>The Court Declines to Overrule the Private Search</u>

4            <u>Exception to the Warrant Requirement</u>

5      Finally, Defendant argues briefly in his motion that the

6    private search exception should be overruled. Mot. at 8-9.

7    However, Defendant does not offer any persuasive arguments or

8    case law supporting that position, and the Ninth Circuit has

9    continually applied the private search exception to electronic

10    devices and communications in recent cases. <u>See</u>, <u>e.g.</u>, <u>United</u>

11    <u>States v. Phillips</u>, 32 F.4th 865 (9th Cir. 2022) (holding private

12    search exception applied to warrantless search of child porn

13    images on defendant's computer); <u>United States v. Azucenas</u>, No.

14    23-783, 2024 WL 4441426, at *3 (9th Cir. Oct. 8, 2024) (holding

15    private search exception applied to messages in private Facebook

16    chat when the messages were first discovered and reviewed by

17    Facebook employees).

18      Accordingly, the Court declines Defendant's invitation to

19    overrule the private search exception here.

20                      **IV.   ORDER**

21      For the reasons set forth above, Defendant's Motion to

22    Suppress (ECF No. 43) is DENIED.

23      IT IS SO ORDERED.

24    Dated: September 29, 2025

25

26                        JOHN A. MENDEZ,

                         SENIOR UNITED STATES DISTRICT JUDGE

27

28